UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RODERICK JOHNSON PATTERSON                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:12-cv-815-CWR-FKB

WARDEN MATTHEW                                                          DEFENDANT

REPORT AND RECOMMENDATION

This cause is before the Court for a recommendation with respect to Defendant's Motion to Dismiss for Failure to State a Claim [Docket No. 11], as well as Plaintiff's Motion to Continue Claim as Having Merit [Docket No. 12]. Having considered both motions, as well as Plaintiff's response to Defendant's motion, the Court concludes that Defendant's motion is well-taken and should be granted. Plaintiff's motion is not well-taken and should be denied.

HISTORY

Plaintiff is a pre-trial detainee awaiting trial on state law charges. He filed the instant petition pursuant to 28 U.S.C. §2241, alleging, *inter alia*, that his right to a speedy trial had been violated. Plaintiff claimed that he had been incarcerated since June 20, 2011, up through the date he filed the petition, November 9, 2012,[1] without a trial. After the petition was filed, but before Defendant's motion was filed, Plaintiff was tried on the state law charges for which he is being held. A mistrial was declared on January 30, 2013, and Plaintiff remains incarcerated

---

[1] Plaintiff signed the petition on November 9, 2012. "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

awaiting another trial. Docket Nos. 8, 11-2. Plaintiff maintains that he has because he was incarcerated from June 20, 2011 until January 28, 2013, without a trial, the state violated Mississippi's "270 day rule." Docket Nos. 1, 5. Defendant has moved to dismiss the petition, arguing that relief pursuant to Section 2241 is not available to Plaintiff because he is a pretrial detainee seeking an adjudication on the merits of an affirmative defense before conviction.

## AUTHORITY

The availability of Section 2241 to a pre-trial detainee awaiting a state court trial is limited to actions inquiring into the legality of detention. *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973). Even in the case of a claim of illegal detention, federal habeas relief is not available before conviction absent special circumstances. *Braden v. 30th Judicial Cir. Ct. Of Ky.*, 410 U.S. 484, 489-90 (U.S. 1973). A plaintiff may not use Section 2241 merely to attempt to litigate constitutional defenses to state charges in federal court before the state court charges have been tried. *Id.* at 490. Courts considering the issue have held that an attempt to prevent or avoid prosecution itself may not be brought pursuant to Section 2241, but a plaintiff may utilize Section 2241 to enforce the State's obligation to bring him to trial, once state remedies are exhausted. *See Smith v. Hooey*, 393 U.S. 374 (1969). The Fifth Circuit makes the determination as to whether Section 2241 relief is warranted by considering the type of relief sought. *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976). As the *Brown* Court explained:

> An initial question is whether petitioner has any right to invoke federal habeas corpus in view of the fact that he has not yet been tried on the indictments in question. The answer is provided in large part by the Supreme Court's decision in <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Court there reiterated the long established principle that 'federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of

2

> conviction by a state court.' Id. at 490, 93 S.Ct. at 1127, 35 L.Ed.2d at 449. The Court held, however, that there was an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. See Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met. See Tooten v. Shevin, 493 F.2d 173 (5 Cir. 1974), cert. denied, 421 U.S. 966, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975).

*Brown*, 530 F.2d at 1282-83.

In the instant case, Plaintiff did ask for, *inter alia*, a trial in his petition. Docket No. 1. However, after the petition was filed, he was tried. In his pleadings filed since the trial, Petitioner continues to complain of the initial delay before his first trial, not the fact that he has not yet been tried a second time. Docket Nos. 12-13. Plaintiff does also assert that he has been found not guilty and should be released for that reason. *Id.* Again though, Plaintiff is not arguing there has been an unreasonable delay since the first trial. Moreover, the record before the Court does not indicate that since the mistrial Plaintiff has sought mandamus, or any other relief concerning trying the case, with the state court. *See Brown*, 530 F.2d at 1283. Therefore, it does not appear that Plaintiff seeks the type of relief available to him pursuant to Section 2241.

## CONCLUSION

Accordingly, for the reasons stated above, Defendant's motion to dismiss should be **granted,** Plaintiff's motion should be **denied,** and this case should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed

3

findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      RESPECTFULLY SUBMITTED this the 4th day of April, 2013.

    /s/ F. Keith Ball
    UNITED  STATES MAGISTRATE JUDGE